UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MAJER HAFIZ, )
 )
 Petitioner, )
 )
v. ) Nos.: 3:05-cr-018
 ) 3:10-cv-509
 ) JUDGE JORDAN
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Majer Hafiz ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner was found guilty by a jury on drug and firearm charges and was sentenced to a total term of imprisonment of 211 months by judgment entered May 23, 2006. [Criminal Action No. 3:05-cr-18, Doc. 58, Judgment]. He did not appeal the conviction or sentence. Petitioner filed his § 2255 motion in November, 2010, alleging several instances of ineffective assistance of counsel and trial court error. [*Id.*, Doc. 64, Motion].

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes

final. 28 U.S.C. § 2255(f). In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Accordingly, petitioner had until June 12, 2007, within which to file his § 2255 motion.[1]

In his Memorandum in support of his § 2255 motion, petitioner alleges that he is entitled to equitable tolling of the statute of limitation. Petitioner also claims that to apply the one-year period of limitation would effectively suspend the equivalent of the great writ of habeas corpus. This claim lacks merit. "Like every other court of appeals to address the issue, this court has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus." *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (citations omitted).

The Court ordered the government to address petitioner's claim that he is entitled to equitable tolling of the statute of limitation. It has done so and objects to equitable tolling of the statute of limitation in this case.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the

---

[1]Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).

burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland*'s two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

Petitioner alleges he is entitled to equitable tolling because failure to consider his § 2255 motion would result in a fundamental miscarriage of justice. According to petitioner, he is actually innocent of the convictions for possessing a firearm in furtherance of a drug trafficking offense. The Sixth Circuit has held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The Sixth Circuit noted that "'actual innocence means factual innocence, not mere legal insufficiency.'" *Id*. at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner alleges he is innocent of the firearm conviction because he possessed a permit to carry a concealed weapon. This argument, however, lacks merit. Whether petitioner possessed a permit to carry a concealed weapon is irrelevant because such a permit

3

would not give him permission to possess the weapon in furtherance of a drug trafficking offense. *See United States v. Ramirez*, 249 F. App'x 277 (3d Cir. 2007). In any event, such a claim does not explain petitioner's delay of more than three years in filing his § 2255 motion on this claim or the other claims raised in the motion to vacate.

"It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his § 2255 motion is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this

action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                         s/ Leon Jordan  
                                                 United States District Judge